UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case Number: 21-24016-CIV-MARTINEZ

KAREN SUAZO, individually and on behalf
of all others similarly situated,

      Plaintiff,

v.

RESURGENT CAPITAL SERVICES LP, *et al.*,

      Defendants.
_____/

## ORDER DISMISSING COMPLAINT WITHOUT PREJUDICE FOR LACK OF SUBJECT MATTER JURISDICTION

**THIS CAUSE** came before this Court on Defendants' Motion to Dismiss for Lack of Subject Matter Jurisdiction and, Alternatively, for Summary Judgment (the "Motion"), (ECF No. 12). This Court has reviewed the Motion, pertinent portions of the record, and applicable law and is otherwise fully advised in the premises. Accordingly, after careful consideration, the Motion is **GRANTED IN PART** and **DENIED IN PART** for the reasons set forth herein.

**I.**      **BRIEF FACTUAL BACKGROUND**

Plaintiff Karen Suazo brings this putative class action against Defendants Resurgent Capital Services LP and LVNV Funding, LLC, for alleged violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692e, 1692g (the "FDCPA") in connection with Defendants' attempts to collect a debt Plaintiff incurred. (*See generally* Compl., ECF No. 1.) Specifically, Plaintiff alleges that Defendants violated the FDCPA by providing Plaintiff false or misleading representations in violation of § 1692e of the FDCPA (Count I) and by failing to properly provide Plaintiff with a validation of her debt in violation of § 1692g (Count II). (*Id.* ¶¶ 65–74.)

On or about November 18, 2020, LVNV Funding acquired a pool of charged-off accounts originally held by Credit One Bank, N.A. (Defs.' Statement Material Facts ("Defs.' SMF") ¶ 1, ECF No. 13.) The pool of charged-off debt included a defaulted-on debt Plaintiff incurred on her Credit One account ending in 0871 (the "Debt"). (*Id.*) Resurgent Capital acts as LVNV Funding's master servicer and account manager and oversees the debt LVNV Funding owns and assigns third-party companies to attempt to collect those debts. (*Id.* ¶ 2.) On November 30, 2020, Resurgent Capital assigned Halsted Financial Services, LLC, to attempt to collect the Debt. (*Id.* ¶ 3.)

On December 8, 2020, Halsted Financial emailed Plaintiff in an attempt to collect the Debt (the "December 8, 2020, Email"). (*Id.* ¶ 4.) The December 8, 2020, email included the following notice:

> This communication is from a debt collector. This is an attempt to collect a debt and any information obtained will be used for that purpose. Unless you notify this office within 30 days after receiving this notice that you dispute the validity of the debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request from this office in writing within 30 days after receiving this notice, this office will provide you with the name and address of the original creditor, if different than the current creditor.

(Halsted Fin. Aff. Ex. A, ECF No. 13-2.) The December 8, 2020, Email provided Plaintiff with the name of the original creditor, the last four digits of the Credit One account number (0871), the name of the current creditor (LVNV Funding), and the total balance due ($719.20). (*Id.*)

In a letter addressed to Halsted Financial dated April 8, 2021—exactly four months after Halsted Financial sent the December 8, 2020, Email—Plaintiff disputed the claim and requested validation of the debt (the "Plaintiff's Letter"). (Halsted Fin. Aff. Ex. B, at 1, ECF No. 13-2; Defs.'

SMF ¶ 6.) On April 9, 2021, Halsted Financial forwarded Plaintiff's Letter to Resurgent Capital. (Defs.' SMF ¶ 7.)

In response to Plaintiff's Letter, Resurgent Capital sent Plaintiff two letters on April 13, 2021. (*Id.* ¶ 8.) The first letter contained an initial contact notice regarding the Debt that informed Plaintiff that Resurgent Capital "initiated a review of the inquiry recently received directly or from Halsted Financial Services, LLC, the current servicer of [the Debt]." (the "Initial Contact Letter"). (Compl. ¶ 29; Resurgent Capital Aff. Ex. 2, ECF No. 13-1.) The Initial Contact Letter provided the following notice to Plaintiff:

> Unless you notify this office within 30 days after receiving this notice that you dispute the validity of the debt, or any portion thereof, we will assume this debt is valid. If you notice this office in writing within 30 days from receiving this notice, that you dispute the validity of this debt or any portion of it, we will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request of us in writing within 30 days after receiving this notice, we will provide you with the name and address of the original creditor, if different from the current creditor.

(Resurgent Capital Aff. Ex. 2.) The second letter dated April 13, 2021, contained a verification of the Debt for Plaintiff's review (the "Verification Letter").[1] (Resurgent Capital Aff. Ex. 3, at 1, ECF No. 13-1.) The Verification Letter provided Plaintiff with a Credit One account statement for the statement beginning on August 2, 2020, and ending on September 1, 2020, (*id.* at 2); and an account summary report from LVNV Funding as of April 13, 2021, (*id.* at 3).

Plaintiff alleges that the language in the Initial Contact Letter is "misleading and confusing to the consumer because one paragraph leads [Plaintiff] to believe that [her] account is already under review and that she does not need to dispute the [D]ebt and [the other] paragraph says [that] she has thirty days to dispute [her] debt." (Compl. ¶ 36.) Plaintiff also challenges the Verification

---

[1] For ease of reference, this Court will collectively refer to the Initial Contact Letter and Verification Letter as the "Letters."

3

Letter because it includes a Credit One statement that shows a balance of $617.84, which conflicts with the balance of the Debt at the time of the Verification Letter ($719.20). (*Id.* ¶¶ 46–49.)

Plaintiff did not contact Defendants or Halsted Financial at any point after she sent Plaintiff's Letter. (Defs.' SMF ¶ 13.) Neither Defendants nor Halsted Financial contacted Plaintiff regarding the Debt after sending Plaintiff the Initial Contact Letter and Verification Letter on April 13, 2021. (*Id.*) Defendants now move to dismiss the Complaint because Plaintiff lacks standing to pursue her FDCPA claims and, alternatively, move for summary judgment on Plaintiff's FDCPA claims.

## II.   LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(1) provides for dismissal of a complaint for lack of subject matter jurisdiction. Courts lack subject matter jurisdiction when a plaintiff fails to establish the "irreducible constitutional minimum" of standing. *Spokeo Inc. v. Robins*, 578 U.S. 330 338–39 (2016).

Motions to dismiss for lack of subject matter jurisdiction "can be based upon either a facial or factual challenge to the complaint." *McElmurray v. Consol. Gov't of Augusta-Richmond Cnty.*, 501 F.3d 1244, 1251 (11th Cir. 2007) (citing *Williamson v. Tucker*, 645 F.2d 404, 412 (5th Cir. May 1981)). Where the attack on the complaint is facial, "the plaintiff is left with safeguards similar to those retained when a Rule 12(b)(6) motion to dismiss for failure to state a claim is raised." *Id.* (quoting *Williamson*, 645 F.2d at 412). A facial attack on a complaint requires a court to look and see if the plaintiff "sufficiently alleged a basis of subject matter jurisdiction, and the allegations in his complaint are taken as true for the purposes of the motion." *Lawrence v. Dunbar*, 919 F.2d 1525, 1529 (11th Cir. 1990) (quoting *Menchaca v. Chrysler Credit Corp.*, 613 F.2d 507, 511 (5th Cir. 1980)). "A 'factual attack,' in contrast, challenges the existence of subject matter

4

jurisdiction irrespective of the pleadings, and extrinsic evidence may be considered." *Kennedy v. Floridian Hotel, Inc.*, 998 F.3d 1221, 1230 (11th Cir. 2021) (citing *Lawrence*, 919 F.2d at 1529)). When considering a factual attack, this Court "is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case." *Id.* (quoting *Lawrence*, 919 F.2d at 1529).

Being that Defendants challenge Plaintiff's standing to seek relief under the FDCPA, rely on extrinsic evidence, and dispute "the existence of subject matter jurisdiction in fact, irrespective of the pleadings[,]" this Court treats the Motion as a factual attack on subject matter jurisdiction. *See id.* (quoting *Lawrence*, 919 F.2d at 1529). "When resolving factual disputes underlying a Rule 12(b)(1) motion, a court '"may" consider oral evidence along with written, but an evidentiary hearing is not required.'" *Odyssey Marine Exploration, Inc. v. Unidentified Shipwrecked Vessel*, 657 F.3d 1159, 1170 (11th Cir. 2011) (quoting *Moran v. Kingdom of Saudi Arabia*, 27 F.3d 169, 173 (5th Cir. 1994).

**III.   DISCUSSION**

Defendants move to dismiss the Complaint for lack of subject matter jurisdiction because Plaintiff cannot show that she suffered an injury-in-fact for purposes of Article III standing. (Mot. at 6–9, ECF No. 12.) In the alternative, Defendants move for summary judgment on Plaintiff's claims because Defendants did not violate the FDCPA. (*Id.* at 9–19.) Plaintiff argues that she has Article III standing because she relinquished her validation rights. (Pl.'s Resp. at 8–14, ECF No. 16.) Plaintiff also argues that Defendants are not entitled to summary judgment because the Letters failed to provide proper validation of the Debt and overshadowed Plaintiff's validation rights in violation of the FDCPA. (*Id.* at 15–20.) This Court agrees with Defendants that this Court lacks subject matter jurisdiction over this action because Plaintiff does not adequately allege a concrete injury as required to enjoy Article III standing. This Court, therefore, must not reach Defendants'

alternative motion for summary judgment. *See Boda v. United States*, 698 F.2d 1174, 1177 n.4 (11th Cir. 1983) ("Where dismissal can be based on lack of subject matter jurisdiction . . . , the court should dismiss on only the jurisdictional grounds.").

### A. *Article III Standing*

Article III of the Constitution limits federal courts to deciding "Cases" and "Controversies." U.S. Const. art III, § 2. The case or controversy requirement is satisfied only when a plaintiff has standing. *E.g.*, *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 342 (2006). Therefore, Plaintiff must establish standing before this Court can consider the merits of her claims. *See TSG Water Res., Inc. v. D'Alba & Donovan Certified Pub. Accts., P.C.*, 260 F. App'x 191, 195 (11th Cir. 2007). To enjoy Article III standing, Plaintiff "must show (i) that he suffered an injury in fact that is concrete, particularized, and actual or imminent; (ii) that the injury was likely caused by the defendant; and (iii) that the injury would likely be redressed by judicial relief." *See TransUnion LLC v. Ramirez*, 141 S. Ct. 2190, 2203 (2021) (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61 (1992)).

### B. *Plaintiff Cannot Establish Article III Standing Because Plaintiff Failed to Show that She Sustained an Injury in Fact*

Defendants argue that this Court lacks subject matter jurisdiction because Plaintiff cannot provide any evidence that she suffered an injury in fact to support Article III standing—that Plaintiff acted, to her detriment, in reliance on Defendants' allegedly confusing, deceptive, and overshadowing conduct. (Mot. at 6–9.) This Court agrees.

"An injury is concrete if it actually exists—that is, if it is 'real, and not abstract.'" *Hunstein v. Preferred Collection & Mgmt. Servs., Inc.*, 48 F.4th 1236, 1242 (11th Cir. 2022) (en banc) (quoting *Spokeo*, 578 U.S. at 340). "Each subsidiary element of injury—a legally protected interest, concreteness, particularization, and imminence—must be satisfied." *Trichell v. Midland*

*Credit Mgmt., Inc.*, 964 F.3d 990, 996–97 (11th Cir. 2020) (first citing *Spokeo*, 578 U.S. at 334; and then citing *Lujan*, 504 U.S. at 560). At issue here is whether Plaintiff's alleged injury is concrete.

"As a general matter, tangible injuries qualify as concrete." *Trichell*, 964 F.3d at 997 (citing *Spokeo*, 578 U.S. at 340). "The most obvious concrete harm is a physical injury or financial loss." *Drazen v. Pinto*, 74 F.4th 1336, 1342 (11th Cir. 2023) (quoting *Hunstein*, 48 F.4th at 1243). Here, however, Plaintiff does not allege or argue that she suffered any tangible injury as a result of receiving the Letters. For instance, Plaintiff does not allege or argue that she made any payments in response to the Letters or that she suffered any other pecuniary loss because she received the Letters. *See Preisler v. Eastpoint Recovery Grp.*, No. 20-CV-62268, 2021 WL 2110794, at *3 (S.D. Fla. May 25, 2021) (granting defendant's motion to dismiss for lack of subject matter jurisdiction because plaintiff lacked evidence that he suffered tangible or intangible injuries necessary to confer Article III standing).

Intangible harms may, however, satisfy Article III's concreteness requirement. *Drazen*, 74 F.4th at 1342; *see also Spokeo*, 578 U.S. at 340 ("'Concrete' is not . . . necessarily synonymous with 'tangible.'"). Intangible harms, like tangible harms, must bear a "close relationship to harms traditionally recognized as providing a basis for lawsuits in American courts." *TransUnion*, 141 S. Ct. at 2204 (citing *Spokeo*, 578 U.S. at 340–41); *Drazen*, 74 F.4th at 1343. "In determining whether an intangible harm constitutes injury in fact, both history and the judgment of Congress play important roles." *Spokeo*, 578 U.S. at 340. But Congress cannot use "its lawmaking power to transform something that is not remotely harmful into something that is." *Drazen*, 74 F.4th at 1342 (quoting *Hunstein*, 48 F.4th at 1243). "A 'bare statutory violation' is not enough, no matter how beneficial we may think the statute to be." *Hunstein*, 48 F.4th at 1242 (citing *Muransky v. Godiva*

*Chocolatier, Inc.*, 979 F.3d 917, 936 (11th Cir. 2020)); *Davis v. Pro. Parking Mgmt. Corp.*, No. 22-14026, 2023 WL 4542690, at *2 (11th Cir. July 14, 2023) ("[O]ur case law is clear that a statutory violation, by itself, does not create an injury." (citing *Hunstein*, 48 F.4th at 1245)).

In the Complaint, Plaintiff merely alleges that she was confused by her communications with Defendants. (Compl. ¶¶ 38, 62.) No other injury is alleged, and Plaintiff provides no other category or measure of damages outside the pleadings. (*See* Pl.'s Resp. Defs.' Req. Produc. ¶ 4, ECF No. 13-3.) Indeed, Plaintiff provides *no evidence* whatsoever that her confusion led to her suffering *any* harm, tangible or intangible. (*See generally* Pl.'s Resp.) Despite *ample* opportunity to do so (as the Motion was filed well after the close of discovery), Plaintiff cannot point to any record evidence to show that she suffered anything other than conjectural or hypothetical injuries. *See Cooper v. Atl. Credit & Fin. Inc.*, 822 F. App'x 951, 955 (11th Cir. 2020) (per curiam). Plaintiff does not even provide a single example of how she was injured beyond her confusion in her Counterstatement of Undisputed Material Facts filed in response to the Motion. (*See generally* Pl.'s Counterstatement Material Facts, ECF No. 16-1.) And Plaintiff did not allege or argue that she made any payments towards the debt as a result of having received correspondence from Defendants, and she otherwise fails to allege or argue that she relied on Defendants' alleged misrepresentations.[2]

Instead, Plaintiff relies on an inapposite and unbinding case from the Northern District of Iowa to aid her attempt at fabricating standing in this action: *Thome v. Sayer Law Group, P.C.*, 567 F. Supp. 3d 1057 (N.D. Iowa 2021). (*See* Pl.'s Resp. at 8–10.) Relying on *Thome*, Plaintiff argues that she has standing because she relinquished her validation rights due to her confusion,

---

[2] This Court notes, as Defendants correctly highlight, that Plaintiff does not claim that she did not incur the Debt, the balance of the Debt is inaccurate, or LVNV does not own the Debt. Although Plaintiff may dispute a debt for any reason at all, including for no reason, it does not stand to reason that a consumer suffers a concrete injury when the consumer foregoes submitting what would be a baseless dispute. *See Preisler*, 2021 WL 2110794, at *5–6.

8

which bears "a close resemblance to the common law torts of misrepresentation and fraud." (Pl.'s Resp. at 8 (citing *Thome*, 567 F. Supp. 3d at 1074–76).) But Plaintiff's reliance on *Thome* is of no moment. The *Thome* court found that the plaintiff satisfied her burden to prove that she had Article III standing by pointing to specific evidence in the record that showed that the plaintiff (1) was confused by the defendant's notice, which provided that the plaintiff could only dispute a debt within fourteen days of receiving the notice; (2) would have disputed her debt had she been provided the statutorily required thirty days to dispute the debt; (3) suffered severe emotional distress that required professional help and prescription medication to manage; and (4) ultimately paid more money than she should have because she could not dispute her obligation. *Thome*, 567 F. Supp. at 1066–79. Unlike the plaintiff in *Thome*, Plaintiff does not argue that she suffered any harm after having received the Letters.[3] *See id.*

Here, Plaintiff's position is, essentially, that Defendants violated the FDCPA by sending the (allegedly unlawful) Letters that confused her and caused her not to dispute her debt—a position that is insufficient to establish standing under the FDCPA. *See Trichell*, 964 F.3d at 1000 ("[W]hile a recipient may take offense that a private party has violated the FDCPA, that is akin to taking offense that the government has violated other statutes—an injury that is canonically abstract as opposed to concrete." (first citing *Lujan*, 504 U.S. at 575–76; and then citing *Allen v. Wright*, 468 U.S. 737, 754 (1984))). To be sure, courts in this Circuit have held that confusion, *without more*, is insufficient to confer Article III standing. *See, e.g.*, *Trichell*, 964 F.3d at 997 (holding that plaintiffs, who had received allegedly misleading and unfair debt-collecting letters

---

[3] And Plaintiff may have been able to establish standing had there been any record evidence that, for example, after receiving the Letters, Plaintiff paid more money than she ought to have had she disputed the Debt or that receiving the Letters reasonably caused Plaintiff emotional distress. *See Rivera v. Dove Inv. Corp.*, No. 19-20934-CIV, 2020 WL 6266054, at *3 (S.D. Fla. Oct. 23, 2020) (denying defendants' motion to dismiss and finding that plaintiff had Article III standing because Plaintiff showed that he suffered emotional distress caused by defendants' alleged FDCPA violation).

9

that confused plaintiffs and false impression that debts plaintiffs had previously owed were legally enforceable, had not suffered any injury in fact under FDCPA because plaintiffs only alleged intangible injuries in form of FDCPA violations); *Cooper*, 822 F. App'x at 955 ("All [the plaintiff] says, at most, is that she was confused, but in this context, her asserted injury of confusion was 'conjectural' or 'hypothetical,' because she has not alleged any actual harms that arose from her confusion." (citing *City of Los Angeles v. Lyons*, 461 U.S. 95, 101–02 (1983))); *Klein v. Receivable Mgmt. Grp.*, 595 F. Supp. 3d 1183, 1190 (M.D. Fla. 2022) ("Confusion, by itself, is not a concrete harm. . . . [The defendant's] alleged procedural violation under § 1692g[]—which in turn allegedly caused [the plaintiff's] forfeiture of a procedural right—alone is not a concrete harm when divorced from a de facto injury."); *Preisler*, 2021 WL 2110794, at *5–6 (finding that plaintiff lacked Article III standing because his confusion, even with addition of unsupported allegations that he suffered emotional distress, was insufficient to fabricate a concrete injury); *cf. Louis v. Bluegreen Vacations Unlimited, Inc.*, No. 21-CV-61938, 2022 WL 1793058, at *1 (S.D. Fla. June 1, 2022) (finding that plaintiffs had no standing because plaintiff failed to identify any concrete harm they experienced as a result of alleged statutory violations). Moreover, the Eleventh Circuit has made clear that "Congress viewed statutory damages [in the FDCPA context,] not as an independent font of standing for plaintiffs without traditional injuries, but as an 'additional' remedy for plaintiffs suffering 'actual damages' caused by a statutory violation." *Trichell*, 964 F.3d at 1000. This Court, therefore, rejects Plaintiff's invitation to find that confusion alone is sufficient to establish Article III standing.[4] *See, e.g.*, *Trichell*, 964 F.3d at 1000; *Cooper*, 922 F. App'x at 955 (citing *Trichell*, 964 F.3d at 1000–01).

---

[4] To the extent Plaintiff argues that she has standing because confusion is closely analogous to fraudulent misrepresentation, Plaintiff's argument has no merit. As Plaintiff recognizes, as she must,

> [t]o state a cause of action for fraudulent misrepresentation, a plaintiff is required to allege the following elements in the complaint: (1) a misrepresentation of a material fact; (2) which the person

Because Plaintiff failed to show that she suffered a concrete injury as a result of Defendants' alleged FDCPA violations, this Court finds that Plaintiff lacks standing and this case should be dismissed without prejudice for lack of subject matter jurisdiction. *See, e.g.*, *Davis*, 2023 WL 4542590, at *3 ("As we've held many times, a dismissal for lack of standing is equivalent to a dismissal for lack of subject matter jurisdiction. . . . And '[i]f subject-matter jurisdiction does not exist, dismissal must be without prejudice.'" (citation omitted) (first citing *Stalley ex rel. U.S. v. Orlando Reg'l Healthcare Sys., Inc.*, 524 F.3d 1229, 1232 (11th Cir. 2008); and then citing *McIntosh v. Royal Caribbean Cruises, Ltd.*, 5 F.4th 1309, 1313 (11th Cir. 2021))).

Accordingly, the Motion is **GRANTED** to the extent Defendant moved to dismiss this case for lack of subject matter jurisdiction. Defendant's alternative motion for summary judgment is, therefore, **DENIED** as **MOOT**.

---

> making the misrepresentation knew to be false; (3) that the misrepresentation was made with the purpose of inducing another person to rely upon it; (4) that the person relied on the misrepresentation to his detriment; and (5) *that this reliance caused damages*.

*See Romo v. Amedex Ins.*, 930 So. 2d 643, 650–51 (Fla. 3d DCA 2006) (emphasis added) (citing *Biscayne Inv. Grp. Ltd. v. Guarantee Mgmt. Servs., Inc.*, 903 So. 2d 251, 255 (Fla. 3d DCA 2005)). Because Plaintiff claims *no actual damage*—she only claims *confusion*, *without more*—she cannot establish that her confusion is similar to "the types of harms protected at common law[,]" *see Drazen*, 74 F.4th at 1344, as "there can be no claim for fraudulent misrepresentation because no legally cognizable damage was sustained by [Plaintiff,]" *Empire Fire & Marine Ins. v. Black*, 546 So. 2d 732, 732 (Fla. 3d DCA 1989) (citing *Casey v. Welch*, 50 So. 2d 124, 124 (Fla. 1951)); *Sinopoli v. Cendant Mortgage Corp.*, No. 04-CV-1727, 2006 WL 8439924, at *5 (M.D. Fla. Mar. 31, 2006) ("There can be no claim for fraudulent misrepresentation where a plaintiff does not suffer some actual damage. . . . Nominal damages alone will not suffice." (citations omitted)).

Indeed, the Fifth Circuit recently addressed a nearly identical argument Plaintiff makes here in *Perez v. McCreary, Veselka, Bragg & Allen, P.C.*, 45 F.4th 816 (5th Cir. 2022). This Court finds the *Perez* court's discussion persuasive as applied to this case. Like Plaintiff attempts to do here, the plaintiff in *Perez* attempted to analogize the confusion she allegedly suffered after with fraudulent misrepresentation in an attempt to establish Article III standing to bring an FDCPA claim. *Perez*, 45 F.4th at 824–25. Like Plaintiff, the plaintiff in *Perez* only alleged that she was confused, without more. *See id.* The *Perez* court was not convinced that fraudulent misrepresentation could be used as a common law analog to establish Article III standing in a FDCPA case as it found that the plaintiff's "confusion—which can only be an intangible harm, if it's a harm at all—is necessarily *different* 'in kind' from her common-law analog." *Id.* at 825 (citing *Gadelhak v. AT&T Servs., Inc.*, 950 F.3d 458, 462 (7th Cir. 2020)). Like in *Perez*, and in line with Eleventh Circuit precedent that a state of confusion, absent more, is not a concrete injury for Article III standing purposes, *see Trichell*, 964 F.3d at 997–98, this Court rejects Plaintiff's invitation to find that her state of confusion, without more, is sufficiently analogous to "the types of harms protected at common law[,]" namely, a fraudulent misrepresentation claim, *see Drazen*, 74 F.4th at 1344; *Perez*, 45 F.4th at 825.

**IV.    CONCLUSION**

Accordingly, for the foregoing reasons, it is **ORDERED AND ADJUDGED** that:

1. The Motion, (ECF No. 12), is **GRANTED IN PART** and **DENIED IN PART** as set forth herein.

2. The Complaint, (ECF No. 1), is **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction.

3. The Clerk is **DIRECTED** to **CLOSE** this case and **DENY** all pending motions as **MOOT**.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 15th day of September 2023.

JOSE E. MARTINEZ
UNITED STATES DISTRICT JUDGE

Copies provided to:
All Counsel of Record